UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH BOHANNON,

        Petitioner,

v.                                                   Case No. 15-CV-256

WILLIAM POLLARD,

        Respondent.

## SCREENING ORDER

On March 5, 2015, Petitioner Keith Bohannon filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of being a party to the crime of felony murder and was sentenced to 17 years confinement and 8 years extended supervision. He is currently incarcerated at Waupun Correctional Institution.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed *in forma pauperis* will be denied as moot.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner states three grounds for relief, each arising from his trial counsel's alleged ineffective assistance. Petitioner claims his attorney failed to conduct a reasonable investigation by interviewing Antonio Tatum, a codefendant in Petitioner's case; that his attorney failed to present Petitioner's full statement to police to the jury; and that his attorney provided incomplete advice regarding whether to testify at trial. These are arguably colorable constitutional claims under *Strickland v. Washington*, 466 U.S. 668 (1984), but Petitioner did not exhaust available state remedies for these claims. Petitioner did exhaust three other claims on direct appeal from his conviction, but the facts underlying those claims are not stated in the petition. Nonetheless, it does appear that Petitioner is seeking review of all claims in this case, exhausted and unexhausted. (*See* Pet. at 12, ECF No. 1) (stating Petitioner is "requesting release on the sufficiency of the evidence claim already exhausted, requesting a new trial on all other claims").

Ordinarily, a petition will be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim, notwithstanding *Rose*. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds*, *Artuz v. Bennett*, 531 U.S. 4 (2000). Here, it appears that Petitioner is quite close to the one-year statute of limitations under AEDPA. Thus, I will not dismiss the case outright.

I will, however, dismiss the petition without prejudice and grant Petitioner 45 days leave to file an amended petition. The amended petition must be clearly marked with the case number noted in the caption of this order. The amended petition must also comply with Rule 2 of the Rules Governing § 2254 Cases, which requires the petition "specify all grounds for relief available to the petition[,]" whether exhausted or unexhausted, and to "state the facts supporting each ground[.]" 28 U.S.C. § 2254, Rule 2(c)(1)–(2); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). Failure to file an amended complaint within this time period may result in dismissal of this action.

Petitioner is also advised that when he files an amended petition, in order to proceed with the exhausted and unexhausted claims, the case will be stayed and Petitioner will be required to make reasonably diligent efforts to exhaust his new claims by seeking post-conviction review in Wisconsin courts.

THEREFORE, IT IS ORDERED that this petition is summarily dismissed without prejudice. Petitioner is granted 45 days leave to filed an amended petition curing the defects described above. **The amended petition shall be due on or before May 11, 2015.**

FURTHER, IT IS ORDERED that petitioner's request for leave to proceed *in forma pauperis* is denied as moot.

Dated this  26th  day of March, 2015.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court