# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH BOHANNON,**

    **Petitioner,**

    **v.**                                                                                             **Case No. 15-CV-256**

**WILLIAM POLLARD,**

    **Respondent.**

## RULE 4 ORDER

Petitioner Keith Bohannon ("Bohannon"), who is currently incarcerated at Waupun Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Amended Petition for Writ of Habeas Corpus, Docket # 10.) He initially filed a petition on March 5, 2015, at which time the Honorable William C. Griesbach was presiding over the case. (Docket # 1.) Judge Griesbach screened the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases and found that the three claims raised in his petition were unexhausted. (Docket # 5.) He also found that Bohannon did exhaust three other claims on direct appeal but did not state the facts underlying those claims in his petition. (*Id.*) Judge Griesbach gave Bohannon 45 days to file an amended petition. The case was subsequently reassigned to me on the parties' consent. (Docket # 8.) Bohannan has now filed an amended petition (Docket # 10), and I will screen in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an

> answer, motion, or other response within a fixed time, or to take other
> action the judge may order.

During the initial review of habeas petitions, the court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

As in his previous petition, Bohannan raises three claims regarding ineffective assistance of trial counsel. Particularly, he alleges that his trial counsel was ineffective in three ways: (1) by failing to diligently investigate the petitioner's co-defendant; (2) by failing to present Bohannon's full statement to police to the jury; and (3) by failing to advise Bohannon to testify following the presentation of portions of his statement to police. His amended petition also raises a sufficiency of the evidence claim and outlines the factual basis for that claim. Both the ineffective assistance claims and the insufficiency of the evidence claim are cognizable on habeas review. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Jackson v. Virginia*, 443 U.S. 307, 321 (1979). I am satisfied, therefore, that the grounds raised in Bohannon's petition translate, at least colorably, into a violation of his rights under the United States Constitution.

However, though Bohannon's claims are cognizable claims, three of his claims—all three ineffective assistance of counsel claims—are unexhausted. As Judge Griesbach noted, a petition containing any unexhausted claims is ordinarily dismissed. *Rose v. Lundy*, 455 U.S. 509 (1982). He therefore granted Bohannon time to file an amended complaint and advised Bohannon that his amended petition would be stayed in order to allow him to return to state court to seek post-conviction review of his unexhausted claims. Bohannon seeks to now stay his petition, and consistent with Judge Griesbach's previous order, the petition is stayed. Bohannon must make a reasonably diligent effort to seek post-conviction relief in Wisconsin state court. Once he has completed a full

round of state court review, he will have 45 days to inform this court whether he would like to proceed with or withdraw his present petition.

**NOW, THEREFORE, IT IS ORDERED** that Bohannon's amended petition is stayed. Following the conclusion of state court review of his three unexhausted claims, he shall have 45 days to notify this court whether he wishes to pursue his petition or withdraw it.

Dated at Milwaukee, Wisconsin this 14th day of May, 2015.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge