# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KEITH BOHANNON,**

    **Petitioner,**

    **v.**                                 **Case No. 15-CV-256**

**WILLIAM J. POLLARD,**

    **Respondent.**

---

## DECISION AND ORDER DENYING PETITION FOR
## WRIT OF HABEAS CORPUS

---

Keith Bohannon, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bohannon was convicted of felony murder, as party to a crime and was sentenced to seventeen years of imprisonment to be followed by eight years of extended supervision. (Docket # 10.) Bohannon alleges that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

A Milwaukee County jury found Bohannon guilty of felony murder, as party to a crime. The conviction stems from allegations that Bohannon planned and set up his friend Jordan Larson to be robbed by another friend, Antonio Tatum. During the armed robbery, Tatum shot and killed Larson. (Ex. 1, *State v. Bohannon*, 2012AP1691 (Wis. Ct. App. June 4, 2013), Docket # 20-1.) After his conviction, Bohannon filed a direct appeal in which he challenged the denial of his motion to substitute judge, the trial judge limiting the length of the audio recording introduced at trial, and the sufficiency of the evidence to convict. (*Id.*)

The Wisconsin Court of Appeals affirmed Bohannon's conviction on June 4, 2013. (*Id.*) The Wisconsin Supreme Court denied review on December 6, 2013. (Docket # 10.)

Bohannon filed an amended petition in this Court on March 10, 2015. (Docket # 10.) Grounds One, Two, and Three asserted ineffective assistance claims and Ground Four alleged that his conviction was not supported by sufficient evidence. On May 14, 2015, Bohannon's petition was stayed and held in abeyance while he returned to state court to exhaust Grounds One, Two, and Three of his petition. (Docket # 11.) Bohannon was instructed to make a reasonably diligent effort to seek post-conviction relief in the Wisconsin state courts and to inform this Court as to how he wished to proceed once he completed a full round of state review. (Docket # 11.) After not hearing from Bohannon for more than two years, on February 27, 2018, I requested a status from the parties. On March 7, 2018, Bohannon responded that he will abandon his ineffective of assistance of counsel claims and proceed with his sufficiency of evidence claim (Ground Four). (Docket # 17.)

## STANDARD OF REVIEW

Bohannon's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d) (1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Bohannon argues his Due Process rights were violated because he was convicted upon insufficient evidence. However, upon closer look, this claim is an attempt by Bohannon to get an unexhausted ineffective assistance of counsel claim in through the back door. Specifically, as to Ground Four, Bohannon concedes that "based on the record evidence as it stands" that a jury acting reasonably could conclude beyond a reasonable doubt that the state met its burden of proof. (Docket #10.) Bohannon, however, claims that he had received ineffective assistance of counsel and because his attorney should have advised him to testify that he only possessed the requisite knowledge of a lesser included offense. As with Bohannon's other ineffective assistance claims of counsel, this claim also fails for failure to exhaust. As such, I could end the analysis here.

However, to the extent Bohannon's claim is independent of his ineffective assistance of counsel claim, it would also fail. Most importantly, as already stated, Bohannon himself concedes, on the record as it stands, that there was sufficient evidence to support his conviction. Additionally, review of the court of appeals decision on Bohannon's challenge to the sufficiency of the evidence to convict him and the trial record show that the

Wisconsin Court of Appeals' decision was neither contrary to nor an unreasonable application of federal law.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt.'" *Cabrera v Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979)). The inquiry does not require the federal habeas court to "ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Woodby v. INS*, 385 U.S. 276, 282 (1966)). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

A federal habeas court determines the sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. *See id.* at 324 n.16. Under Wis. Stat. § 940.03, "whoever causes the death of another human being while committing or attempting to a commit" a list of specified felonies, including armed robbery is guilty of felony murder.

In this case, in considering Bohannon's sufficiency argument, the Wisconsin Court of Appeals used a standard consistent with *Jackson*. While the court of appeals did not cite

to *Jackson*, it cited to *State v. Booker*, 2006 WI ¶ 22, 292 Wis. 2d 43, 60, 717 N.W.2d 676, 684

which pronounces a state law standard that is the functional equivalent to *Jackson*:

> We cannot reverse a criminal conviction unless the evidence, viewed most favorably to the State and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt.

*Id.* (internal citation omitted). As such, the court of appeals identified the correct governing

legal rule. Thus, the only issue before me to resolve on habeas review is whether the state

court unreasonably applied that rule to the facts of Bohannon's case or unreasonably

determined the facts in light of the evidence presented. In making that determination, it is

important to recall that in a federal habeas corpus proceeding, the court's review is tempered

by AEDPA's deferential constraints.

Before the court of appeals, Bohannon argued that the evidence was insufficient to

convict him of felony murder because there was insufficient evidence to prove the

underlying felony, armed robbery. (Ex. 1, Supp. ¶ 31, Docket # 20-1.) More specifically,

Bohannon argued that there was insufficient evidence to convict him of armed robbery

because there was not enough evidence for the jury to conclude that he knew that Tatum

was going to rob the victim, Larson. (*Id.*)

Bohannon did not testify at trial. However, Detective Casper testified regarding the

statement Bohannon made to the police. (*Id.* ¶ 11.) Detective Casper testified that Bohannon

wanted to have Larson robbed because he believed that three weeks prior Larson had set

him up to be robbed. (*Id.*) Bohannon had not actually been robbed because he ran. (*Id.*) As a

result, he was worried that Larson would also run when Tatum attempted to rob him.

Casper testified that Bohannon told the police that the original plan was for Tatum to rob both Larson and Bohannon using a gun. (*Id*.) That plan was allegedly changed, and Bohannon later stated no guns were to be used. (*Id*.)

Regarding the robbery, Detective Casper testified that Bohannon picked up Larson early in the morning. (*Id*. ¶ 12.) He and Larsen went to a convenience store and to the bank where Larson withdrew money. (*Id*.) After going to the bank, Bohannon and Larsen went to Walgreen's and a gas station. (*Id*.) While at the gas station, Bohannon called Tatum and advised Tatum of his and Larson's location. (*Id*.) Bohannon then dropped Larson off in the alley located behind Larson's grandmother's house. (*Id*.) Detective Casper noted that Bohannon stated that after about twenty minutes of dropping off Larson, he tried to call Larson, but received no answer. (*Id*.)

Detective Casper also testified that Bohannon called Tatum immediately after learning that Larson had been shot. Bohannon called Tatum because he wanted to know where the money was and to negotiate his share. (*Id*. ¶ 13.)

Finally, Detective Casper testified that Bohannon "talk[ed] out of both sides of his mouth" regarding Tatum's plan to use a gun to rob Larson. (*Id*. ¶ 14.) On the one hand, Bohannon told police that no guns were to be used. On the other hand, he told police that they would find the gun with Tatum. (*Id*.) Bohannon also identified and accurately described the gun used in the shooting. (*Id*.)

On this record, the court of appeals found that there was sufficient evidence for a rational jury to find that Bohannon did know that Tatum was going to use a gun to rob

Larson. (*Id.* ¶ 33.) First, the court of appeals noted that Detective Casper testified that Bohannon told the police the original plan was for Tatum to rob both Larson and Bohannon using a gun. (*Id.*) The court of appeals reasoned that although that plan had allegedly changed, the jury could have concluded that if Bohannon admitted to considering using a gun, he knew that Tatum was going to use one. (*Id.*) Second, the court of appeals noted that Detective Casper testified that Bohannon identified and accurately described the gun used in the shooting and told the police that they would find the gun with Tatum. (*Id.*) The court of appeals found that from this evidence the jury could have concluded that if Bohannon knew what the gun looked like and where it was after the robbery, he also knew that it was going to be used during the robbery. (*Id.*)

Third, the court of appeals cited that immediately after learning that Larson had been shot, Bohannon called Tatum to find out where the money was and to negotiate his share. (*Id.*) The court of appeals found that the jury could have concluded that if Bohannon was surprised that a gun was used, he would have said so in the phone call instead of merely focusing on getting his share of the proceeds. (*Id.*) Finally, the court of appeals cited to the fact that Bohannon was worried that Larson would run when Tatum would attempt to rob him. (*Id.*) The court found that the jury could have concluded that Bohannon knew Tatum would bring a gun to ensure that Larson would not run. (*Id.*)

Viewing the evidence in the light most favorable to the prosecution, as I must, I cannot conclude that no rational trier of fact could not have found the essential elements of felony murder beyond a reasonable doubt. Stated differently, there was sufficient evidence

for a rational jury to conclude that Bohannon did know that Tatum was going to use a gun to rob Larson. Accordingly, Bohannon cannot show that the court of appeals unreasonably applied *Jackson* to the facts of his case or unreasonably determined the facts in light of the evidence presented.

## CONCLUSION

Bohannon initially raised four grounds for habeas relief. He abandoned Grounds One, Two and Three. Ground Four is now dismissed for two reasons. First, Bohannon cannot dress an ineffective assistance of counsel claim which he failed to exhaust as a sufficiency of the evidence challenge. Further, even addressing the sufficiency of the evidence claim on the merits, the court of appeals did not unreasonably apply *Jackson* to the facts of Bohannon's case or unreasonably determine the facts in light of the evidence presented. For these reasons, Bohannon's petition for habeas corpus is dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate

9

to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not debate that Bohannon fails to raise a cognizable sufficiency of the evidence claim. Thus, I will deny Bohannon a certificate of appealability. Of course, Bohannon retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 10) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26th day of March, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge